**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MANJIT KAUR,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 09-71198

Agency No. A073-411-275

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012[**]

Before: WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Manjit Kaur, a native and citizen of India, petitions for review of the Board

of Immigration Appeals' ("BIA") order denying her motion to reopen removal

proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for an abuse

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

of discretion the BIA's denial of a motion to reopen. *Toufighi v. Mukasey*, 538 F.3d 988, 992 (9th Cir. 2008). We deny the petition for review.

The BIA did not abuse its discretion in denying Kaur's motion to reopen as untimely where the motion was filed over four years after the BIA's final order, *see* 8 C.F.R. § 1003.2(c)(2), and Kaur failed to present sufficient evidence of changed circumstances in India to qualify for the regulatory exception to the time limit for filing motions to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii). The BIA did not abuse its discretion in concluding that the psychological evaluations did not overcome the prior adverse credibility finding. *See Toufighi*, 538 F.3d at 996-97 (evidence was irrelevant in light of the agency's previous adverse credibility findings).

The BIA did not abuse its discretion in not addressing Kaur's CAT claim separately because Kaur failed to point to any other evidence, apart from her not credible testimony, that would make her new evidence relevant to showing changed conditions in India. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

Finally, Kaur's contentions that the BIA failed to address her equitable tolling argument on the merits and that remand is warranted because the BIA

denied her motion as number-barred and did not reach the merits are belied by the record.

**PETITION FOR REVIEW DENIED.**